UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EDDIE A. MCGUIRE, JR.,                        )
                                              )
                         Plaintiff,           )
                                              )
            vs.                               )        No. 1:12-cv-00960-DML-TWP
                                              )
CAROLYN W. COLVIN,                            )
                                              )
                         Defendant.           )

# Decision on Judicial Review

Plaintiff Eddie A. McGuire, Jr. seeks judicial review of the defendant

Commissioner's denial of his claim for disability benefits under the Social Security

Act.  He applied in April of 2007 for Disability Insurance Benefits (DIB) under the

Social Security Act, alleging that he has been disabled since March 17, 2006.  After

an initial denial and a denial on reconsideration, Mr. McGuire requested a hearing.

Acting for the Commissioner of the Social Security Administration following a

March 24, 2010 hearing, an administrative law judge ("ALJ") found that Mr.

McGuire is not disabled.  The national Appeals Council denied review of the ALJ's

decision on May 18, 2012, rendering the ALJ's decision for the Commissioner final.

Mr. McGuire timely filed this civil action under 42 U.S.C. § 405(g) for review of the

Commissioner's decision.  The parties consented to the magistrate judge conducting

all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. §

636(c) and Fed. R. Civ. P. 73.

In the time between Mr. McGuire's request for a hearing and the hearing, the

Veteran's Administration (VA) awarded him 100% disability benefits based on its

findings that Mr. McGuire's conditions were permanently and totally disabling.  His principal argument on appeal is that the ALJ failed to address and evaluate the VA's total disability determination as required by SSR-06-3p.  Additional alleged errors will be described and addressed below.

## Standard for Proving Disability

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A) (for DIB benefits).  Mr. McGuire is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy.  42 U.S.C. § 423(d)(2)(A).  The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability.  20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled.  Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled.  A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  The third step is an analysis of whether the claimant's impairments, either singly or in

combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential.  A court must affirm if no error of law occurred and if the findings are supported by substantial evidence.  *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).  Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion.  *Id.*  The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence.  *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability.  *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004).  The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions.  *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### A. Remand is required because the ALJ failed to make any meaningful consideration of Mr. McGuire's VA disability determination.

SSR 06-03p requires an ALJ to evaluate all of the evidence in the case record, including decisions by other governmental agencies.  According to that regulation, a governmental agency's decision regarding disability does not *bind* the ALJ in his disability determination, but it "cannot be ignored and must be considered."  It also provides that the "adjudicator should explain the consideration given to these

4

decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." *Id.*  The Seventh Circuit has held that the ALJ "should give" a VA disability rating "some weight" in determining a claimant's disability. *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006).

This court has found an ALJ's failure to mention a claimant's VA disability rating in his decision to be reversible error. *Kessler v. Astrue,* 2009 WL 3060220, *4 (S.D. Ind. 2009); *Allen v. Astrue,* 843 F. Supp. 2d  920, 935 (S.D. Ind. 2011) (because the ALJ did not "mention" the VA's disability rating, the "court must assume he did not give any weight to this evidence").  In *Kessler*, Judge Barker remanded the case and noted that "despite clear evidence that [Plaintiff] had received VA disability determinations, there is no indication of what weight, if any, the ALJ gave to the VA's findings." 2009 WL 3060220 at *4.  In remanding, Judge Barker further noted that the "ALJ's decision does not even acknowledge the VA's determination, let alone cite the applicable VA disability guidelines or attempt to distinguish them and show why they are not relevant." *Kessler*, 2009 WL 3060220 at *4.

Courts in other circuits have assigned varying degrees of significance to a VA disability rating and have addressed what it means for an ALJ to "consider" that determination. *See*, *e.g.*, *Kane v. Heckler*, 776 F.2d. 1130, 1135 (3d Cir. 1985) ("substantial weight").  In the Ninth Circuit, an ALJ must give "great weight to a VA determination of disability." *McCartey  v. Massanari,* 298 F.3d 1072, 1076 (9th Cir.2002).  The ALJ may, however, " give less weight to a VA disability rating if he

gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*  In *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998), the court found that the "VA finding was important enough to deserve explicit attention. . . . If the ALJ was going to reject the VA's finding, reasons should have been given, to enable a reasoned review by the courts."

In this case, the ALJ *did* mention the VA's determination—in one sentence. The ALJ's decision says, "The claimant's receipt of 100% VA disability is not dispositive of the issue of disability in this matter as different statutory requirements are required when determining disability under the Act." (R. at 28). The ALJ did not discuss the VA's disability guidelines or any relevant distinctions between those guidelines and those applicable to Mr. McGuire's disability determination, nor did he discuss what "weight," if any, he was giving to the VA's determination. Because this sort of substance is lacking, the ALJ's lone sentence devoted to the VA's determination carries the hallmarks of boilerplate, added as a technical nod to the requirements of SSR 06-03p but otherwise ignoring and failing to *consider* the VA's disability determination.

The Commissioner argues that even if the ALJ's consideration of the VA's determination was in error, it was harmless error because the medical professionals' opinions were granted persuasive weight. Although this argument may have merit, the court cannot assess the potential harm with no analysis of the VA's decision beyond the single sentence provided by the ALJ. Remand is therefore required.

**B. The ALJ should also give further consideration on remand to additional matters.**

Mr. McGuire has raised other issues that he believes require remand, in addition to the ALJ's failure to evaluate the VA's disability determination properly.  The court determines that on remand, the ALJ must give further consideration to the following matters:

1. In the event the ALJ continues to assess Mr. McGuire's residual functional capacity at the light level of exertion, the ALJ must explain (a) how Mr. McGuire's use of wrist splints or braces, and their impact on hand and finger manipulations, is consistent with the RFC and (b) how Mr. McGuire's difficulties with standing and walking (due at least in part to neuropathy and supported by medical evidence from 2007 through 2010) is consistent with the RFC.

2. The ALJ must explain how Mr. McGuire's use of wrist splints or braces, and their impact on his hand and finger manipulations, is consistent with the demands of Mr. McGuire's past relevant work.

3. The ALJ must ensure that, to the extent he relies on the testimony of a vocational expert, the expert is provided a full picture of all limitations on Mr. McGuire's work capacity the ALJ finds are supported by the record.

## Conclusion

The Commissioner's decision is REVERSED and REMANDED for proceedings consistent with this order.

So ORDERED.

Dated:   09/25/2013

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Annette Lee Rutkowski
KELLER & KELLER
Anetrutkowski@gmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov